J. WARREN TOMPKINS, APPELLANT, *v.* VALENTINE M. HODGSON AND ELISHA P. FERRIS, RESPONDENTS.

*Streets and public highways — to what uses they may be appropriated — statues may be erected in.*

The streets in a populous city or village may be appropriated to other purposes than mere places of passage ; they may be used and appropriated for the health, trade, commerce and convenience of the public, and for any public use which is consistent and in harmony with their use as public highways.

The law will sanction the erection of a work of art, such as an ornamental statue, in the public highway, when it does not obstruct travel ; and such erection is not a trespass on the right of the owner of the soil in such highway.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action at the Special Term, dismissing the plaintiff's complaint.

The facts are stated in the opinion.

*J. W. Tompkins,* for the appellant.

*J. O. Dykman,* for the respondents.

TAPPEN, J. :

The plaintiff is a property owner and resident of the village of White Plains, in the county of Westchester. By the act of May 11, 1869, chapter 855, authority was given to raise money by tax, to be used under certain regulations, for the purpose of erecting a public monument within the town or county, in memory of the soldiers of such town or county, or in commemoration of any public person or event.

A sum of $1,600 was thus raised by the town of White Plains ; the provisions of the law in other respects complied with, and the consent of the trustees of the village of White Plains given, " to the erection of said monument on Broadway, at a point nearly opposite Railroad avenue," and authorizing the town authorities to grade the ground for said monument, under the direction of the committee on roads and bridges, provided such grading shall not interfere with any existing carriage-way on Broadway.

The defendants, under this authority, made suitable contracts, and a soldiers' monument was put up on Broadway, opposite the plaintiff's premises, and he brings this action, claiming that the structure is for a new purpose foreign to the right of the public in the highway, and that it is a nuisance, and a trespass as regards the plaintiff's property and residence, and asking the judgment of the court that the defendants be compelled to remove the monument and all the materials used in its erection, and that they be restrained from continuing the same on the plaintiff's land on said highway.

By the facts established at the trial, it appears that Broadway has been, for over fifty years, a highway of the width of 278 feet opposite plaintiff's premises; that plaintiff owns a piece of land fronting 250 feet on the highway and to the center thereof, subject to the rights of the public in the highway; that the monument on Broadway was in front of plaintiff's land, near the center of the street, but entirely on the plaintiff's side of the center; that the space covered by the monument is not needed for public travel, and has not been actually traveled over, and that the monument is a great ornament to the place where it is erected.

By an ordinance of the village, passed May, 1871, "all that part of the street or avenue known as Broadway, except the constructed sidewalks and carriage-ways," was reserved as a public square or park.

The carriage-roads or tracks and foot-walks, are well defined on this wide piece of land called Broadway, and the land, not occupied by such roads or walks, is largely grown with trees, shrubbery and grass, and here in an appropriate place, the monument, in good taste and well designed, is erected.

The plaintiff asks the court not to take judicial notice of the beauty of the monument, and says it is not beautiful. It is on a mound about fifty-eight feet square and four feet high, then comes a base and metallic figure, together sixteen feet high.

The chief question is, have the trustees of the village, who have the control of the streets for public use, the power to make this use of this highway.

When it is considered that highways are public for other purposes than traveling, for shade-trees and sidewalks, by legislative enactment, and for sewers, lamps, gas and water-pipes, public wells

and cisterns, and that these uses are in harmony with the uses of a public highway when they do not obstruct travel, the further conclusion will readily be reached, that the law will sanction the erection of a work of art, such as an ornamental statue, without thereby trespassing in any respect on the rights of the owner of the soil, who holds strictly subordinate to public use.

Statues of men, and in commemoration of great public events, are now considered as the legitimate belongings of public places; the statue of Franklin is in Printing-house square, directly on a highway, in New York city, and the statues of Washington and Lincoln are on the public street, at the south of Union square, in that city. Cities, both ancient and modern, in the old world, give abundant proof that statues, ornamental temples, obelisks, pillars and columns, have long been considered legitimate objects of public approval and admiration, and they are neither to be hid in a corner, nor placed where they cannot be seen. New discoveries make new uses, and telegraph poles run on highways all over the land.

The streets in a populous city or village may be appropriated to other purposes than a mere place of passage; they may be used and appropriated for the promotion of the health, trade, commerce and convenience of the public, and, it may be added, for any public use which is consistent and in harmony with their use as public highways.[*]

The judgment for the defendants should be affirmed with costs.

Present—TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.

---

[*] People v. Kerr, 27 N. Y., 188, 213 ; Plant v. Long I. R. R. Co., 10 Barb., 26 ; Chapman v. A. & S. R. R. Co., 10 id., 360; Milhau v. Sharp, 15 id., 193, 211; Kelsey v. King, 32 id., 410, 417.